ON MOTION FOR REHEARING AND CLARIFICATION
McCORD, Judge.
Among other contentions, appellee Bank argues on motion for rehearing that we misconstrued its letter of credit as a “clean” letter of credit rather than a letter of credit for the sale of goods which requires that the issuing bank receive documents of title to the goods when it pays the beneficiary. Although here the letter of credit was issued in connection with the sale of goods (motor vehicle chassis), it was a “clean” letter of credit. While appellee Bank’s letter of credit (the cash draft authorization of August 30, 1974) required that the draft show on its face certain descriptive matter concerning the chassis for which it was drawn, the cash draft authorization is “clean” in that it does not require that the beneficiary (Chrysler) present documents of title or other documents with the draft before the bank will pay the beneficiary, as fully discussed in our foregoing opinion. The letter of credit here thus falls in the same category as the “clean” letter of credit issued in New York Life Insurance Company v. Hartford National Bank and Trust Company, 173 Conn. 492, 378 A.2d 562 (1977).
Rehearing denied,
ERVIN and LARRY G. SMITH, JJ., concur.